## CHECINSKI v. UNITED STATES.

### BOUWKAMP v. SAME.

### GALBREATH v. SAME.
#### Nos. 9238–9240.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1942.

462

■■■■■■■■■■■■■■■■■■■■■■■
■■■■■

Irving H. Smith, of Grand Rapids, Mich. (Irving H. Smith, of Grand Rapids, Mich., and U. S. A. Heggblom, of Detroit, Mich., on the brief), for appellants.

Joseph F. Deeb, of Grand Rapids, Mich., for appellee.

Before SIMONS, HAMILTON, and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

The three appeals involve substantially identical issues and were argued together. Each of the appellants is a Jehovah's Witness and each was indicted, tried, and sentenced for failure to appear for induction under the provisions of the Selective Training and Service Act of 1940, Title 50 U.S.C.A. § 301 et seq. The trials were to the court upon waiver of a jury.

The defense in the court below in each of the cases, and the argument in support of the appeal, follow substantially the pattern set in the case of Rase v. United States of America, 6 Cir., 129 F.2d 204, this day decided. Each of the appellants was a registrant under the Selective Service Act, and each claimed to be a minister of religion, entitled to the classification IV-D and so exempted both from combatant and non-combatant service. Each was by his local board or upon appeal from the decision of the local boards, classified as a conscientious objector under classification IV-E, and ordered to report for induction into work of national importance under civilian direction, and indicated his intention not to report; whereupon, each was given notice of suspected delinquency and failing to appear, indictment, trial, and conviction followed.

The only substantial difference between the procedure here followed by the court from that in the Rase case, is that the court narrowed the issues holding that under the terms of the law he could not review the evidence presented to the draft boards but could consider only the draft board records, and that in the absence of proof that there was any failure by the boards to consider the evidence presented, or any failure to give the registrants a full and fair hearing, he was without power to review the classification made. There being no such evidence he made a finding of guilt in each of the cases and imposed sentence upon each of the appellants.

■ The conclusion reached in the Rase case that no review of the findings of local draft boards is by the law committed to the courts and that relief may be granted the registrants only when the local board has acted arbitrarily and capriciously and without evidence, is reaffirmed here. In each of the cases the draft board considered the questionnaire which disclosed in the case of Galbreath and that of Checinski that each had full-time employment in secular occupations for a substantial number of years prior to the date of hearing, and in the case of Bouwkamp that he was similarly employed up to a short time prior to the date of hearing, and that each of them, during such employment, gave but his spare time to the dissemination of the principles and tenets of his sect. None of the appellants was listed in the State Headquarters of the Selective Service System as one who gave full, or a substantial portion of his time to preaching or teaching activity.

■ There is no evidence upon which a finding could be made that the draft boards were arbitrary or capricious or failed to consider such evidence as the appellants submitted to them. They were given a full and fair hearing both by the local boards and upon appeal. We find no error in the court's conclusion that it was bound by the classification assigned to the appellants by their local boards.

■ Insofar as it is claimed that the court erred in refusing to receive evidence other than the record made by the board, we find, upon examination of the tendered evidence which is incorporated in the record, that if there was error it was not prejudicial. So far as we understand the arguments of the appellants in this respect, it is that the court was under an obligation to weigh the evidence, and this argument, upon principles too familiar to require citation, must be rejected. The contention that the classification assigned to the appellants contravenes the guaranties of the First Amendment, has been fully dealt with in the opinion in the Rase case and discussion there need not be here repeated.

Judgments affirmed.