**In re ROGERS.**

**No. 759.**

District Court, N. D. Texas,
Dallas Division.

Oct. 31, 1942.

Maury Hughes and T. F. Monroe, both of Dallas, Tex., for petitioner.

Clyde Hood, Asst. U. S. Atty., John A. Erhard, Asst. U. S. Atty., and C. O. Eastus, U. S. Atty., all of Dallas, Tex., and Major H. H. Schultz, Judge Advocate, for the United States.

ATWELL, District Judge.

The Selective Service Act of 1940, in Sec. 5 (d) provides that: "Regular or duly ordained ministers of religion, and students

**266**

who are preparing for the ministry in theological or divinity schools, recognized as such for more than one year prior to the date of enactment of this Act [September 16, 1940], shall be exempt from training and service (but not from registration)." Title 50 U.S.C.A.Appendix § 301 etc., and particularly § 305(d) as to ministers.

■ "A regular minister of religion" is a man who customarily preaches and teaches the principles of religion of a recognized church, religious sect, or, religious organization of which he is a member, without having been formally ordained as a minister of religion; and who is recognized by such church, sect, or organization as a minister.

■ "A duly ordained minister of religion" is a man who has been ordained in accordance with the ceremonial, ritual or discipline of a recognized church, religious sect, or religious organization, to teach and preach its doctrines, and to administer its rites and ceremonies and public worship; and who customarily performs those duties.

Whether the petitioner is a "regular" or an "ordained minister" of this religion is the point at issue. If he is, he is entitled to deferment under class IV–D.

The local Board held that he was not. He appealed to the Appeal Board, and that Board affirmed the finding of the local Board. He took no further appeal, and no further appeal has been taken.

■ The petitioner charges that the two Boards "acted arbitrarily and capriciously." The general meaning of that particular phrase is "without any reasonable cause, without cause based upon the law; without reason given; in disregard of evidence. It is comparable to, without justification or excuse; with no substantial evidence to support it; a conclusion contrary to substantial, competent evidence."

When such an attack is made upon an executive Board, charged with the performance of a duty, the court must inquire into the happenings before such Board and determine whether the allegation is correct. The court may not substitute its judgment for that of a duly constituted executive agency. If the finding of the agency is supported by testimony, then the finding will usually stand and may not be said to be "arbitrary and capricious." The rule is not changed by the fact that the nation is at war. War is made under the Constitution.

The writ of habeas corpus may be resorted to by the citizen. Sec. 9, Art. 1, Constitution. See United States v. Greime, 3 Cir., 128 F.2d 811.

The testimony before the two Boards and here, made up largely of the petitioner's verified questionnaire, shows that the petitioner was an attorney, who had the advantage of a law school education; is about forty-five years old, and has an office in Tulsa, Oklahoma. He is the owner of several farms, oil and gas properties, and other interests which he says are worth approximately $294,000. That his income for the year 1941 was approximately $12,000. From 1929 to 1932 he was a reader in the Tulsa church. He may not be a reader in that particular organization for longer than three years, but is liable to be called as a substitute. During the years that have passed since 1932 he has never been called as a substitute. During several summers he has gone to Boston and further enriched himself in the learning of his church. He is a member of the Board of Directors of the Tulsa church. He married a few months ago. In February, 1941, he was offered a position in the Judge Advocate's office of the United States Army, which he declined. He devotes, and has devoted, the most of his time to his large property and industrial interests. For a number of years he has taken no outside employment as an attorney. He has talked to some persons and has sought to benefit them through the Christian Science religion. He was unable to name any amount, nor to approximate the same, that he has earned from such alleged healing.

■ This cursory review of the testimony indicates that his description of himself as an attorney, and as engaged in looking after his own affairs, rather than as "a regular or ordained minister," justifies the truthfulness of his answers and evidence as given in his questionnaire, and before the Boards. It also shows rather conclusively that the Selective Service officers did not act either "arbitrarily" or "capriciously". They had reasonable cause, based upon the law and supported by the evidence, to find that he was not entitled to deferment. It is rather clear that "he was not customarily engaged in the duties" of either an "ordained" or a "regular" minister. As somewhat helpful, see Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343; Elmhurst Cemetery Co. v. Commissioner, 300 U.S. 37, 40, 57 S.Ct. 324, 81 L.Ed. 491.

To hold otherwise would be to disregard not only the facts as disclosed by him, but to overlook the difficulty experienced at this hearing in getting him to avoid evasiveness and to answer direct questions.

The writ must be discharged, and the petitioner returned to the custody of the Army.

I am substituting this brief opinion for the rather lengthy one delivered at the conclusion of the case.