### BENESCH v. UNDERWOOD, Commander of Fort Thomas Military Post.

#### No. 9271.

Circuit Court of Appeals, Sixth Circuit.

Dec. 17, 1942.

Victor F. Schmidt, of Middletown, Ohio (Edwin P. Drury, of Cincinnati, Ohio, on the brief), for appellant.

John T. Metcalf, of Lexington, Ky., and Major F. Cleveland Hedrick, Jr., of Washington, D. C. (Wendell Berge, Oscar A. Provost and Andrew F. Oehmann, all of Washington, D. C., on the brief), for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the district court denying application for a writ of habeas corpus filed by an inducted soldier of the United States Army who deserted from the Army two days after his induction. At the time the answer of the appellee was filed, the appellant was confined in a Post Guardhouse at Fort Thomas, Kentucky, awaiting trial by a United States Army Court Martial. Judicial notice is taken, from admission at the bar of this court upon oral argument, that appellant was convicted as a deserter by Court Martial, pursuant to

the Articles of War; and is now confined in Fort Leavenworth Penitentiary.

The appellant contends that his induction was void, for the reason that, as one of Jehovah's Witnesses, he was a minister of religion and, as such, exempt from military service. He insists that both the Local Board and the Board of Appeal, functioning under the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq., were arbitrary and unfair in the classification of the appellant in Class 1-A, instead of Class 4-D as a "regular minister of religion."

In Rase v. United States, 6 Cir., 129 F.2d 204, this court upheld the conviction and sentence of a Jehovah Witness for failure to report for induction under the Selective Training and Service Act of 1940, and discussed sufficiently to require no repetition here our view of the phrase "minister of religion" as applicable to Jehovah's Witnesses. It was there declared that the action of the Local Board, within the scope of its authority, is final and not subject to judicial review when the investigation by the Board has been fair and its findings are supported by substantial evidence; but if it is shown that the investigation has been unfair, or that the Board has abused its discretion by a finding contrary to all the substantial evidence, the courts are open for relief under the writ of habeas corpus, if the registrant has exhausted his administrative remedies under the Act. See, also, Checinski v. United States (Bouwkamp v. United States, Gallbreath v. United States), 6 Cir., 129 F.2d 461.

We find here, as we did in our previous decisions cited, no evidence of arbitrary or capricious conduct on the part of the draft boards, or a failure by the draft boards to afford a full and fair hearing. On the contrary, the record reveals scrupulous and proper official conduct on the part of both the Local Board and the Board of Appeals.

Ver Mehren v. Sirmyer, Commandant, 8 Cir., 36 F.2d 876, relied upon by appellant, is manifestly not in point. In that case, the petitioner for a writ of habeas corpus had never been legally inducted into the military service and, therefore, the Court Martial had no jurisdiction to try him as a deserter. He had not been served with notice of his physical qualifications, as required by law, and other requirements of the applicable Selective Service regulations had not been complied with. In the instant case, the appellant was lawfully inducted into the Army before he deserted.

The judgment of the district court is affirmed.