**UNITED STATES ex rel. LEVY v. CAIN, Commanding Officer, United States Army Base, Camp Upton, Long Island, N. Y.**

Misc. No. 872.

District Court, E. D. New York.

June 20, 1944.

Martin Levy, of Brooklyn, N. Y. (Meyer Kreeger, of New York City, of counsel), for relator.

Harold M. Kennedy, U. S. Atty., of Brooklyn (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for respondent.

BYERS, District Judge.

Hearing on return to writ of habeas corpus issued at the instance of the relator who was inducted into the Army on May 16, 1944, improperly as he alleges, as the result of the action of his Local Board in classifying him in I–A, instead of in IV–D as a theological student.

On his behalf, that action is denounced as arbitrary and capricious whereby it is urged that the writ should be sustained, and he should be discharged from the Army.

The motion papers factually establish that:

1. The relator reached the age of eighteen years on November 29, 1943.

2. He registered with his Local Board (190) on December 1, 1943.

3. He filed his Questionnaire on December 10, 1943, claiming therein to be a student preparing for the ministry in a theological or divinity school, i. e., Mesifta Talmudical Seminary at 141 South Third Street, Brooklyn, and asserting therefore that his classification should be IV–D.

4. On February 7, 1944, he was classified in I–A by the unanimous action of the Local Board.

5. A hearing was had before the Local Board at the registrant's request on February 21, 1944, at the conclusion of which the said classification was continued by unanimous vote.

6. Having been found to be physically qualified for Army service, as the result of a pre-induction physical examination on February 15, 1944, he duly appealed his classification to the Board of Appeal on March 6, 1944; on April 20, 1944, the action of the Local Board was unanimously affirmed.

7. All evidence submitted by or on behalf of the registrant and all communications addressed by him or on his behalf to the Local Board, to the Board of Appeal, and to Selective Service Headquarters, New York City, were duly received, and no such evidence or written communication was rejected.

8. Before the relator was classified in I–A on February 7, 1944, and under date of January 7, 1944, the Local Board transmitted to the Selective Service Headquarters, New York City, the file of the relator for advice, and under date of January 19th a hearing was conducted at such headquarters before an advisory panel on theological classifications, and that body recommended thereafter that the said classification be continued; the action of the Local Board on February 21, 1944, in continuing relator's classification in I–A was taken with knowledge of the said recommendation.

Under the foregoing state of facts, the Court is requested to sustain the writ upon the theory which has been stated; in other words, to overrule the action of the Board because it must be deemed to be erroneous by so wide a margin that no other conclusion is possible. Apparently it is thought that in extreme cases the Court is to substitute its judgment for that of the Local Board.

Authority for that contention is said to be found in several cases, the most recent being that of United States ex rel. Rubin v. Magruder, D.C., 55 F.Supp. 947, for a copy of the opinion in which this Court is indebted to relator's counsel. I have considered that opinion carefully, and think it comes down to this, that the learned judge who wrote it did not agree with the action, under examination by him, of the Local Board which functioned in that case, and therefore sustained the writ.

The relator also relies upon: Goodwin v. Rowe, D.C., 49 F.Supp. 703; Ex parte Stewart, D.C., 47 F.Supp. 410; Benesch v. Underwood, 6 Cir., 132 F.2d 430; United States v. Mroz, 7 Cir., 136 F.2d 221 (not on habeas corpus); In re Rogers, D.C., 47 F.Supp. 265; Johnson v. United States, 8 Cir., 126 F.2d 242 (not on habeas corpus), to sustain his contention that this Court is required to ascertain, from an examination of the proceedings touching the classification of this relator, whether the result arrived at by the Local Board is the product of arbitrary and capricious action; and if so to abrogate it through the medium of this writ.

The language of the statute does not support the argument: Title 50 U.S.C.A.Appendix, § 301 et seq. in § 310 provides:

"* * * The decisions of such local boards shall be *final* except where an appeal is authorized and is taken in accordance with such rules and regulations as the President may prescribe. Appeal boards

within the Selective Service System shall be composed of civilians who are citizens of the United States. The decision of such appeal boards shall be *final* in cases before them on appeal unless modified or changed by the President as provided in the last sentence of section 5(*l*) of this Act * * *." (Italics supplied.)

Section 5(*l*) of the Act provides:

"* * * The President, upon appeal or upon his own motion, shall have power to determine all claims or questions with respect to the inclusion for, or exemption or deferment from, training and service under this Act; and the determination of the President shall be *final*." (Italics supplied.)

It will be observed that the word "final" is not qualified or limited by any such phrase as "except where a court shall find that such decision has been reached in an arbitrary or capricious manner", or "where there is substantial evidence to support the conclusion of the Local Board".

■ It would seem that Congress intended that, even in close cases, the courts were not to be called upon to substitute their judgment for that of the Selective Service Agencies, in performing the solemn and searching duty of certifying into the armed forces of the Nation those who were found to be eligible and physically worthy of the responsibility of sustaining this primary duty of citizenship.

Congress committed the entire task to the Executive branch of the government.

This Local Board was called upon to ascertain whether the relator was entitled to be deferred as

(a) A student preparing for the ministry; and

(b) In a Theological or Divinity School recognized as such prior to September 16, 1939.

Such are the requirements under the statute and the regulations: [Sec. 622.44 (a)] See also Local Board Memorandum No. 187, Sec. 3 of which reads:

"3. *'Preparing for the Ministry'* Defined.

"A registrant may be considered as a student 'preparing for the ministry' when he is actually pursuing a full-time course of study and it is evident that he is preparing himself to become a regular or duly ordained minister of religion as defined by

section 622.44(b) and (c) of the Regulations."

It is not urged for the respondent that Mesifta Talmudical Seminary had not been recognized for the requisite period, within (b) above, and on the argument of the writ it was conceded that the status of recognition had been so accorded by the Selective Service authorities.

■■ Unless, however, the members of the Local Board were to consider their duty ended once the enrollment of a registrant in a recognized institution was shown, it must be evident that they were required, as a matter of fidelity, to ascertain if the relator was actually and in good faith preparing for the ministry. Congress in its wisdom saw fit to relieve such persons from the immediate impact of military service; this deferred status is a favor, not a matter of right, and the affirmative of demonstrating it rests upon those who claim it.

This record is swollen to sizable proportions by letters, memoranda and certificates too numerous to itemize, setting forth all possible data concerning the school, the relator, the courses he is taking, and his educational history prior to reaching his eighteenth birthday, addressed to the Local Board, the Appeal Board, and New York City Selective Service Headquarters. Moreover at the hearing on February 21, 1944, the relator, then a registrant, appeared with his uncle, Mr. Levy, who is an attorney, and the latter, according to the minutes, made a statement to the Local Board.

■ The file is convincing that this relator has been given a full and complete opportunity to present his contentions, and the only possible basis upon which the writ could be sustained would be that of disagreement with the conclusions of the Local Board.

As I understand the law, and the decisions which must control in this Circuit, the Court is not concerned with the decision of the Local Board, as such, but is required to ascertain if it has been arrived at according to procedure ordained in the provisions of the Selective Service Law and regulations; for example, that the relator has been given a hearing as that law requires; that the entire evidence tendered by him has been received by the Local Board; that he has been afforded an opportunity to have his classification reviewed by the Board of Appeal, and that

the latter has considered and acted upon his case; and finally that Presidential intervention has not prevented his induction.

Less than that, the Court cannot do in the discharge of its essential functions; more than that, Congress has not clothed it with authority to do.

Such seems to be the teaching of Ex parte Stanziale, 3 Cir., 138 F.2d 312, certiorari denied Stanziale v. Paulin, 320 U. S. 797, 64 S.Ct. 267.

United States v. Downer, 2 Cir., 135 F. 2d 521, has not been overlooked; at page 525 of 135 F.2d the majority opinion places the decision upon the ground that an error of law on the part of the Selective Service officials should be corrected by the courts, although a purpose to suggest that the courts should act as "appellate tribunals for the draft machinery" was disclaimed.

No such error of law appears in this record.

The argument that a given Local Board has been arbitrary and capricious, and therefore a court has the right to intrude its own judgment concerning a given classification, seems to me to be specious; it opens a door which the statute, in referring to the *finality* of decisions by the Local and Appeal Boards, has closed. It is a constant temptation to think of those whose opinions and conclusions differ from our own, as being at least arbitrary and capricious. The processes of the Court, however, are not available for the gratification of such beliefs, even if they exist.

The briefs filed for the relator are consistent with a belief that there was either something personal to him in the action of the Local Board, or the purpose to make an example of him. If such a belief is entertained, I find no warrant for it. The entire record seems to reveal nothing more than a conscientious effort to perform an exacting duty with complete understanding of all that is involved in this particular case.

The cases relied upon by the relator have been examined and none which has been decided in this Circuit decides that the duty of the Court, upon the return of such a writ, extends beyond ascertaining whether the Local Board in question has performed its duties in strict adherence to the provisions of the Selective Service law, and the regulations pertaining thereto; finding as I do in this case, that Local Board 190 has proceeded in all respects as

so required, the writ of habeas corpus dated May 19, 1944, issued to the above-named relator, is hereby vacated.

Settle order.