## KLOPP v. UNITED STATES.

### No. 9803.

Circuit Court of Appeals, Sixth Circuit.

March 26, 1945.

Hayden C. Covington, of Brooklyn, N. Y., and Victor F. Schmidt, of Rossmoyne, Ohio (Victor F. Schmidt, of Rossmoyne, Ohio, on the brief), for appellant.

Robert E. Marshall, of Cincinnati, Ohio (Byron B. Harlan, of Dayton, Ohio, and Robert E. Marshall, of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

PER CURIAM.

The appellant was convicted, fined $3,500, and sentenced to five years' imprisonment, for violation of the Selective Training and Service Act of 1940, as amended, 50 U.S. C.A., Appendix § 311, for failure to report, after he had been classified IV-E by his Selective Service Board and ordered to report for work of national importance at a designated camp under civilian direction.

Though earning more than $12,000 per year in a retail furniture business, he claimed exemption from all service as a regularly and duly ordained minister of religion of the sect Jehovah's Witnesses; but was classified by his Local Board and the Board of Appeals only as a conscientious objector to both combatant and noncombatant military service.

Appellant reiterates arguments repeatedly rejected in the United States Courts. This court has spoken often in the broad context. Rase v. United States, 6 Cir., 129 F.2d 204; Checinski v. United States, 6 Cir., 129 F.2d 461; Benesch v. Underwood, 6 Cir., 132 F.2d 430; Kramer v. United States, 6 Cir., 147 F.2d 756. In our last mentioned opinion, we cited a leading case from each of the ten circuit courts of appeal.

The appellant emphasizes that his case differs from that of any of his predecessors in defiance of orders to report for work of national importance under civilian direction, in that he was ordered to report for induction after the amendment by Congress of the Selective Training and Service Act on December 5, 1943, 50 U.S.C.A., Appendix § 304a. We find no merit in the attempted differentiation, which was very recently rejected by the Circuit Court of Appeals for the Second Circuit in United States v. Flakowicz, 146 F.2d 874. We agree with that court that Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917, affords no support to the argument there made and repeated here. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305, settles the law against the contention of the appellant, just as it did against Flakowicz. The Supreme Court there made it very plain that the defense that classification as a conscientious objector, rather than as a minister of religion, was erroneous will not stand up in a criminal prosecution for wilful disobedience to the order of a Local Board, functioning under the Selective Training and Service Act, to a registrant to report for work of national importance.

660

No prejudicial error appearing in the record of the proceedings below, the judgment of conviction and sentence entered in the District Court is affirmed.