### EAST TEX. MOTOR FREIGHT LINES v. UNITED STATES et al.

Civ. A. No. 4174.

United States District Court
N. D. Texas, Dallas Division.

March 7, 1951.

Callaway & Reed and Rollo E. Kidwell, all of Dallas, Tex., for the plaintiff.

William D. McFarlane, Sp. Asst. Atty. Gen., H. G. Morison, Asst. Atty. Gen., James E. Kilday and John F. Baecher, Sp. Assts. to the Atty. Gen., Frank B. Potter, U. S. Dist. Atty., Fort Worth, Tex., for the United States.

Daniel W. Knowlton, Chief Counsel, and Allen Crenshaw, Asst. Chief Counsel, of Washington, D. C., for Interstate Commerce Commission.

Ewell H. Muse, Jr., Austin, Tex., and Currie & Muse, Dallas, Tex., for Strickland Transp. Co., Inc.

Before HUTCHESON, Circuit Judge, ATWELL, Chief Judge, and DAVIDSON, District Judge.

ATWELL, Chief Judge.

In accordance with Sec. 2325, Vol. 28 U.S.C.A., and Sec. 2281, relating to a three-judge court, when either an interlocutory or permanent injunction is sought to restrain any order of the Interstate Commerce Commission, proceedings were had as provided in Sec. 2284, Vol. 28 U.S.C.A.

The complainant seeks to enjoin, annul, and set aside a certain decision of the Interstate Commerce Commission by its division No. 5, embraced in its application and order dated May 23, 1950, which granted to the Strickland Transportation Co., a certificate of public convenience and necessity, authorizing it to engage in operation as a common carrier by motor vehicle in interstate, or, foreign commerce, as defined in Practices of Motor Common Carriers of household goods, commodities in bulk, and those requiring special equipment, between Texarkana, Ark.–Tex., and Houston, Texas, over U. S. Highway 59, serving no intermediate points, as an alternate route for operating convenience only, in connection with its otherwise authorized regular route operations, restricted to the transportation of shipments transported by the applicant to and from points east of Texarkana, but with no service to or from Shreveport, Louisiana, such report and order being shown in exhibit "A" of the complaint.

It is alleged that the Interstate Commerce Commission, on November 6, 1950, overruled the petition of the complainant for reconsideration and oral argument.

That the plaintiff and defendant Strickland hold a certificate of public convenience and necessity.

That complainant has purchased and owns and operates motor vehicles and equipment of a value exceeding $50,000, used in its said business. That it enjoys a reputation for efficient, adequate and dependable service. That its revenue will be depreciated and lost if the defendant is permitted to carry on the operations attempted to be authorized by the orders of the Interstate Commerce Commission. That such losses will exceed the sum of $50 per day. That complainant has no adequate remedy at law.

That the respondent, Strickland Transportation Company, is a common carrier by motor in interstate and foreign commerce over routes in Arkansas, Illinois, Louisiana, Missouri, Tennessee, and Texas, including routes between Memphis, St. Louis, Little Rock, and Houston, Texas, via Texarkana and Dallas, Texas. That the complainant

is organized and qualified to do business in the states of Arkansas, Illinois, Louisiana, Missouri, Tennessee, and Texas, and that in Texas, between points in Tennessee, Missouri, Arkansas, and Houston, Texarkana, Jefferson, Marshall, Lufkin, Livingston, and Cleveland, Texas, over U. S. Highway 59, and closely paralleling highways between Texarkana and Houston. That it also has authority between other points and places and over other routes in Arkansas, Illinois, Louisiana, Missouri, Tennessee, and Texas.

That respondent Strickland is authorized to operate over the identical routes that complainant is, between Texarkana and Houston, to-wit, over U. S. Highway 59, to Marshall; thence over Highway 43 to Henderson; thence over Highway 26 to Junction of Highway 59; thence over Highway 59 to Houston, a distance of 294 miles. The respondent Strickland has a circuitous route via Highway 67 to Dallas, and thence over U. S. Highway 75 to Houston, a distance of 432 miles.

Complainant contends that its direct routes between St. Louis, Memphis, Little Rock and Houston, make a second-morning service between St. Louis and Houston, not less than truckload shipments, and first-afternoon service on truckload shipments between Memphis and Houston, and overnight service with early next morning delivery, between Little Rock and Houston. That the respondent's service is a third-morning service between St. Louis and Houston, and a third-morning service between Memphis and Houston, and a second-morning service between Little Rock and Houston.

That such authorization to respondent between such places is to the enhancement and advantage of respondent, and to the detriment and disadvantage of complainant by the natural and normal diversion of substantial quantities of freight from complainant to respondent.

That the certificate issued to respondent to carry freight heretofore mentioned, between Texarkana and Houston over Highway 59, a distance of 301 miles, and a route practically identical with the route of complainant, was assigned for hearing before

and heard by a joint Board under Sec. 205 (b) of the Interstate Commerce Act, as amended, 49 U.S.C.A. § 305(b). At such hearing, interested motor carriers by railway and motor appeared and introduced evidence in opposition to such application.

That the Interstate Commerce Commission on May 23, 1950, issued the order and report complained of in the bill.

That thereafter complainant duly and timely filed with the Interstate Commerce Commission a petition for reconsideration which application the Commission denied on November 6, 1950.

The bill further alleges that in connection with the proceeding before the Interstate Commerce Commission there was no offer of evidence of record whatsoever relating, in any manner, to any inadequacy or deficiency in the existing carrier service, and no evidence relating to any need or requirement for carrier service proposed by respondent Strickland. That respondent did offer testimony that by use of its routes heretofore mentioned, it is handling some freight traffic between St. Louis, Memphis, and Little Rock, via Dallas, and that it wanted a certificate of public necessity and that it would thereby afford shippers quicker service and competition.

That such order by the Commission authorizing the service by respondent is, "unreasonable, arbitrary, capricious, unlawful, and unjust" to complainant and was an abuse of the Commission's discretion and "a transcendency of its statutory power and authority," for the following reasons, to-wit:

"1. There was no substantial evidence * * *.

"2. The Commission erred, as a matter of law, in including that based upon the facts and circumstances of record in the subject proceeding, the public convenience and necessity, required the operation of respondent Strickland * * * over Highway 59 between Texarkana and Houston.

"3. The findings contained in exhibit 'A' on which the Commission based its conclusion were made and entered without relevant, substantial, legal, or, competent

proof, and are contrary to the evidence of record.

"4. The conclusions of law * * * in said matter were contrary to applicable law and principles.

"5. The uncontroverted evidence establishes that the existing common carrier service between the points and places involved was and is adequate to meet the demands of the public generally.

"6. The uncontroverted evidence establishes there is no need, or, requirement for proposed services * * *.

"7. The controverted evidence establishes that the proposed service of respondent will materially and substantially enhance the better competitive relationship with reference to complainant and provide additional and non-competitive service to complainant."

A prayer for the temporary and permanent enjoining follows.

Exhibit "A" attached to the complaint shows considerable research by Division No. 5, composed of Commissioners Lee, Rogers and Patterson, including the equipment of respondent, its new earnings, the necessity of relieving storage capacity of some of its stations, the ability to by-pass its Dallas terminal and thereby relieve congestion at that terminal, and relieve the labor cost involved in terminal handling. It also shows an understanding of the population along the route and that it will be a safer and speedier highway. The number of towns and cities, with a total population of 372,500 in 34 of the towns, and 28 towns having a population of 5,000 or less. The population of Greenville, Dallas and Corsicana, are also set out. That it has been operating between Houston and St. Louis for a year and a half, and between Houston and other named points about two and one-half years. The number of trailers each way between Houston and points beyond Texarkana have picked up freight at various points from states other than Texas while so enroute. That during January and February, 1949, it handled 1,228,293 pounds from Houston to those points, and 1,237,607 pounds in the reverse direction to Houston. That such shipments move in both truckload and less-than-truckload quantities and averaged about one truckload a day to Houston.

It also gives information as to the deliveries, lay-over points, rest of drivers in order to meet union contract terms, and the hours of service requirements. That such authority will enable it to make better service, going into detail. That it does employ solicitors whose job it is to obtain new traffic and it plans to be competitive with other carriers.

That the Missouri Pacific lines provide direct rail service and the rail mileage is given between many points, particularly Houston, St. Louis, Memphis, Little Rock, and Texarkana.

In fact, instead of the report showing the lack of testimony, it is replete with facts and figures found as to the convenience and necessity for the route, giving the names of other interested carriers, such as the Best Motor Lines, the Herrin Transportation Company and the Southwestern Express. That its change would reduce its mileage which would be affected by the use of proposed routes that would enable it to effect operating economies and enable it to institute a different service.

The report exhibits that the respondent has no intention of making use of the proposed route for service to Texarkana and Shreveport, but would limit its use for traffic moving from Houston and east of Texarkana. The authority granted was restricted. That respondent was fit and able financially and otherwise.

The report of said division was upheld after the complainant and two intervenors had an opportunity to be heard. Such overruling order found that the report and finding of the division No. 5 was adequately supported by evidence.

Was the finding "arbitrary, capricious, unreasonable, unlawful, and unjust?"

The general meaning of arbitrary and capricious is, "without any reasonable cause, without any cause based upon the law; without reason given; in disregard of evidence." It is comparable to, without justification or excuse; with no substantial evidence to support it; a conclusion con-

trary to substantial, competent evidence. In re Rogers, D.C., 47 F.Supp. 265.

The exhibits, and stipulations with reference to other evidence which was offered before us, continue to refute the charge that the Commission did not have evidence to support its finding.

It must be borne in mind that this is an application for an alternative route. The Congressional authority given to the Interstate Commerce Commission, 49 U.S.C. A. § 1, provides, among other things, for the impartial regulation of all modes of transportation, which are subject to the Act, to be so administered as to recognize and preserve the inherent advantages of each; to promote safe, adequate, economical and efficient service, and foster sound economic conditions in transportation among the several carriers.

It also must be borne in mind that public convenience and necessity may be found in operating economies and those things which contribute to expedition, public safety, and, efficiency in operation, because, while they benefit the carrier first, they indirectly contribute to the public safety and more reliable and expeditious and cheaper transportation. Such are safe foundations for a finding of public convenience and necessity. Route 59 is shown by the record to be less populous and less used as a public highway by other vehicles. The testimony also shows that there is a direct saving to the respondent in the way of time and money. The testimony and order also show that this alternative route allowed and approved for the respondent, does not allow any service by respondent on route 59 between Texarkana and Houston. New York Central Securities Corp. v. United States, 287 U.S. 12, 53 S.Ct. 45, 77 L.Ed. 138; State of Texas v. United States, 292 U.S. 522, 54 S.Ct. 819, 78 L.Ed. 1402; Dixie Ohio v. Transportation, 2 Fed.Car. Cases 66; Keeshin Motor, 29 M. C.C. 99; Axley Extension-Murphy, N. Carolina, 30 M.C.C. 387; United States v. Carolina Freight Carriers Corp., 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971; United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821;

Merchants Warehouse Co. v. United States, 283 U.S. 501, 51 S.Ct. 505, 75 L.Ed. 1227; Associated Transport, 40 M.C.C. 59; Cooper Express, Inc., 51 M.C.C. 411.

Respondent's service from St. Louis to Houston had been established for almost two years, and its haulings were in excess of a million pounds for each year. It, therefore, was a competitor of the complainant for all haulings out of St. Louis, and intermediate points up to Texas. The complainant had exclusive service between Texarkana and Houston on route 59. The grant of the right to respondent to carry via route 59 instead of going around by Dallas as an alternative route, gave respondent nothing that belonged to complainant, because the use of route 59 by respondent was a limited use.

It follows that the complaints made by complainant are unsupported by either the facts, or, the law, and its complaint must be dismissed.