HOLMES, Judge
(concurring specially.)
I concur with the result reached by the majority in this case. I would further note that, although the arbitrary or capricious standard is a narrow standard of review, we will not allow a determination to stand if it is without any reasonable cause, in disregard of the evidence, or with no substantial evidence to support it. See Colonial Fast Freight Lines, Inc. v. United States, 443 F.Supp. 72 (N.D.Ala.1977); East Texas Motor Freight Lines v. United States, 96 F.Supp. 424 (N.D.Tex.1951); Straub v. Department of Public Welfare, 31 Wash.2d 707,198 P.2d 817 (1948). However, an action is not arbitrary or capricious when exercised honestly and upon due consideration. Further, where there is room for two different opinions, we will not reverse if the evidence supports the conclusion reached. See Waters v. City and County of Montgomery Personnel Board, 507 So.2d 951 (Ala.Civ.App.1986); Straub, 31 Wash.2d 707, 198 P.2d 817. This is so even though we may have reached a different result, as we may not substitute our judgment for that of the agency. LeFebre v. Westinghouse Electric Corp., 747 F.2d 197 (11th Cir.1984).
Stated differently, there was in this instance substantial evidence to support the initial determination. As the majority stated, there was evidence from which Blue Cross could have reasonably concluded that coverage should be denied and its action was, therefore, not arbitrary or capricious.