THE PEOPLE *ex rel.* Robert E. Crowe, State's Attorney, Petitioner, *vs.* CHARLES A. WILLIAMS, Judge, Respondent.

*Opinion filed April 21, 1928.*

1. CRIMINAL LAW—*action of court having jurisdiction of subject matter and person cannot be reviewed by habeas corpus.* As a writ of *habeas corpus* is not a substitute for a writ of error and cannot be made to perform its functions, no court can review, upon a petition for a writ of *habeas corpus,* the record of a cause determined by another court possessing jurisdiction of the subject matter and of the person; and where it is sought to discharge a prisoner by *habeas corpus,* if it appears from the petition, the return, or in any other manner, that the court sentencing the prisoner had jurisdiction of person and subject matter the writ should be denied.

2. SAME—*what omission from record of plea of guilty does not deprive court of jurisdiction.* Where a defendant has pleaded guilty and has been duly warned of the effect of such plea, failure of the record to show that he persisted in his plea of guilty does not deprive a court having jurisdiction of the subject matter of jurisdiction to render judgment and sentence, as the omission is merely an irregularity in the proceedings on the trial and is reviewable only upon a writ of error emanating from a court of review.

3. SAME—*court must have jurisdiction of habeas corpus proceeding.* It is as essential that a court have jurisdiction of a proceeding for a writ of *habeas corpus* as of any other cause that may come before it, and where the petition for a writ of *habeas corpus* discloses on its face a want of jurisdiction to entertain it, the court before whom it is presented should refuse to do so.

ORIGINAL petition for *mandamus.*

OSCAR E. CARLSTROM, Attorney General, and ROBERT E. CROWE, State's Attorney, (EDWARD E. WILSON, Q. J. CHOTT, and JOHN HOLMAN, of counsel,) for petitioner.

EUGENE L. MCGARRY, and W. G. ANDERSON, for respondent.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Pursuant to leave granted, there was filed in this court an original petition in the name of the People of the State, on the relation of Oscar E. Carlstrom, Attorney General, and Robert E. Crowe, the State's attorney of Cook county, praying for the issuance of a writ of *mandamus* commanding Charles A. Williams, one of the judges of the superior court of Cook county, to expunge from the records of that court an order discharging Joseph Chapman from the Illinois State Penitentiary at Joliet. It is set forth in the petition that Chapman was indicted in the criminal court of Cook county for murder; that on his arraignment he pleaded guilty and on May 1, 1918, was sentenced to imprisonment in the penitentiary for the term of his natural life; that the judgment was spread upon the records of the criminal court, and that by virtue of the order of commitment the sheriff delivered Chapman to the warden of the penitentiary. The petitioner further alleges that on December 13, 1927, a verified petition for a writ of *habeas corpus* was presented to the respondent; that in this petition it is stated that the record of Chapman's trial shows that he entered a plea of guilty to the indictment, that he was warned, that testimony was heard, and that on his plea he was sentenced to life imprisonment in the penitentiary, but that the record fails affirmatively to show that Chapman persisted in his plea of guilty; that by reason of this omission the trial court was without jurisdiction to accept the plea or to render judgment; that, lacking such jurisdiction, the judgment under which Chapman is held in custody is void and that he should be released from such unlawful detention and imprisonment. It is further alleged in the instant petition that the warden of the penitentiary in his return to the writ of *habeas corpus* stated that he held Chapman by virtue of an order of commitment from the criminal court of Cook

county and that he exhibited the original order to the respondent; that on the hearing upon the *habeas corpus* petition and the return thereto before the respondent, the Attorney General and the State's attorney pointed out that the only reason assigned in the petition for the release of Chapman was, that after the trial court's warning had been given the record failed to show that Chapman persisted in his plea of guilty; that it was repeatedly urged upon the respondent that even if. the petition were true in this respect, yet the omission was merely an error which did not constitute a ground for the release of Chapman; that notwithstanding this· fact the respondent stated that because of the failure of the record to show that Chapman had persisted in his plea the trial court which sentenced him was without jurisdiction of the subject matter or of the person of Chapman, and that the respondent thereupon discharged him from imprisonment in the penitentiary. The concluding allegations of the present petition are that the respondent had no authority to order the discharge of Chapman and that the order is null and void; that neither the petition for Chapman's relief, with the return thereto, nor the hearing before the respondent, justified Chapman's release under the Habeas Corpus act, and that if the judgment by which Chapman was sentenced to the penitentiary was faulty, the remedy was by a writ of error and not by *habeas corpus.* The respondent answered the petition, admitting its material allegations of fact but averring that he had authority and jurisdiction to enter the order sought to be expunged and that the order was valid. The petitioner demurred to the answer.

To sustain the order releasing Chapman from the penitentiary prior to the expiration of his term of imprisonment, the respondent relies upon section 4 of division 13 of the Criminal Code, (Cahill's Stat. 1927, p. 952; Smith's Stat. 1927, p. 1019;) which provides: "In cases where the party pleads 'guilty,' such plea shall not be entered until the

court shall have fully explained to the accused the consequences of entering such plea; after which, if the party persist in pleading 'guilty,' such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon, as if he had been found guilty by a jury. In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense." The respondent insists that this section is mandatory; that compliance with all its provisions must affirmatively appear of record; that silence in respect to any of its provisions is fatal to the judgment rendered, and that in consequence a defendant so convicted may successfully invoke the writ of *habeas corpus* for his release from imprisonment.

The mere statement of respondent's conclusion shows that it is fallacious. The petition for the writ of *habeas corpus,* upon which the respondent ordered Chapman released from the penitentiary, affirmatively showed that when the criminal court of Cook county pronounced sentence it had jurisdiction both of the subject matter of the cause and of Chapman's person. It has repeatedly been held that when a petition for a writ of *habeas corpus* to discharge a prisoner held under judicial process is presented to a judge, the question of the jurisdiction of the court to render the judgment of conviction, which is the foundation of the process by which the prisoner is held, lies at the very threshold of the inquiry upon the *habeas corpus* proceeding, and if it appears from the petition, return, or in any other legitimate manner, that the court which rendered the judgment by virtue of which the process issued from which discharge is sought had jurisdiction of the subject matter of the cause or proceeding and of the person of the prisoner, then the judge to whom the petition for a writ of *habeas corpus* is presented should decline, for want of jurisdiction, to discharge the prisoner. No court

can review, upon a petition for a writ of *habeas corpus,* the record of a cause determined by another court possessing jurisdiction of the subject matter and of the person. (*People* v. *Zimmer,* 252 Ill. 9; *People* v. *Strassheim,* 242 id. 359; *People* v. *Superior Court,* 234 id. 186; *People* v. *Murphy,* 212 id. 584; *People* v. *Jonas,* 173 id. 316; *People* v. *Allen,* 160 id. 400; *Ex parte Smith,* 117 id. 63; *Martin* v. *District Court,* 37 Colo. 110; *Ex parte Parks,* 93 U. S. 18; *Keizo* v. *Henry,* 211 id. 146; *Harlan* v. *McGourin,* 218 id. 442.) The failure of the record to show that Chapman persisted in his plea of guilty did not deprive the criminal court of jurisdiction to determine the cause and to render judgment. This omission could be no more than an irregularity in the proceedings on the trial, reviewable in this State only upon a writ of error emanating from a court of review. The writ of *habeas corpus* cannot operate as a writ of error to review the judgment of a court having jurisdiction of the subject matter of the cause and of the person of the defendant. It is not a substitute for a writ of error and cannot be made to perform its functions. (*People* v. *Eller,* 323 Ill. 28; *People* v. *Fisher,* 303 id. 430; *People* v. *Green,* 281 id. 52; *People* v. *Whitman,* 277 id. 408; *People* v. *Graves,* 276 id. 350; *People* v. *Zimmer, supra; People* v. *Foster,* 104 Ill. 156.) It is as essential that a court have jurisdiction of a proceeding for a writ of *habeas corpus* as of any other cause that may come before it. (*People* v. *Murphy, supra.*) The petition for a writ of *habeas corpus* on its face disclosed a want of jurisdiction to entertain it, and the respondent should have refused to do so.

The order of the respondent discharging Chapman from the penitentiary is void and the writ of *mandamus* is awarded commanding the respondent, as judge of the superior court of Cook county, to expunge the void order from the records of that court.

*Writ awarded.*