(No. 19311.

THE PEOPLE *ex rel.* C. W. Reed, State's Attorney, Petitioner, *vs.* CHARLES A. WILLIAMS, Judge, Respondent.

*Opinion filed February 20, 1929—Rehearing denied April 9, 1929.*

Oscar E. Carlstrom, Attorney General, and C. W. Reed, State's Attorney, for petitioner.

W. G. Anderson, for respondent.

Mr. Chief Justice DeYoung delivered the opinion of the court:

Pursuant to leave granted, there was filed in this court an original petition in the name of the People of the State, on the relation of Oscar E. Carlstrom, the Attorney General, and C. W. Reed, the State's attorney of DuPage county, praying for the issuance of a writ of *mandamus* commanding Charles A. Williams, one of the judges of the superior court of Cook county, to expunge from the records of that court his order, entered upon a petition for a writ of *habeas corpus,* discharging Emil Schneider from the penitentiary at Joliet. The petition also asked that the warden of the penitentiary be directed to apprehend Schneider and to imprison him as commanded by the judgment of conviction.

It appears from the petition for the writ of *mandamus* that an indictment consisting of three counts, two charging forcible rape, and the third, assault with the intent to commit that crime, was returned against Emil Schneider in the circuit court of DuPage county; that a jury trial resulted in finding him guilty upon the third count; that judgment was rendered upon the verdict, and that by virtue of the judgment Schneider was committed to the penitentiary. It further appears from the same petition that while Schneider was imprisoned in the penitentiary, and before he had served the sentence imposed upon him, an application for a writ of *habeas corpus* to effect his release from imprisonment was made to the respondent; that the writ

was issued and in obedience to it Schneider was produced by the warden of the penitentiary, who made a return, both oral and written, averring that he held the prisoner by virtue of a *mittimus* issued from the circuit court of DuPage county; that a hearing upon the application and the return thereto followed, and that the respondent, by an order entered of record, discharged Schneider from the warden's custody.

To the instant petition for a writ of *mandamus* the respondent filed a general and special demurrer. Several grounds of demurrer are assigned, but their substance is that this court is powerless to entertain the present petition or to award the writ of *mandamus* sought. If the circuit court of DuPage county, when it rendered the judgment of conviction against Schneider, had jurisdiction of his person and of the subject matter of the cause and power to render the judgment, the superior court of Cook county could not thereafter, upon a petition for a writ of *habeas corpus*, review the proceedings resulting in conviction and discharge the defendant from imprisonment. An order of discharge entered under such circumstances is void, and this court not only has the power, but it is its duty, upon a proper application, to command the judge who entered the void order to expunge it from the records. *People* v. *Williams*, 330 Ill. 150; *People* v. *Fisher*, 303 id. 430; *People* v. *Windes*, 283 id. 251; *People* v. *Green*, 281 id. 52.

The grounds assigned in the application for the writ of *habeas corpus* to justify Schneider's release from custody, as set forth in the petition for the writ of *mandamus*, are, first, that the count of the indictment upon which the verdict was rendered did not charge an offense because it did not allege that the prosecutrix was under the age of sixteen years; second, that by their verdict the jury found Schneider guilty of "assault with intent to rape" instead of "assault with intent to commit rape," and hence that the

verdict was insufficient and the judgment rendered upon it void; third, that the jury, and not the court, had authority to fix the duration of Schneider's imprisonment; and fourth, that since Schneider was under the age of twenty-one years at the time of his conviction he should have been sentenced to the reformatory and not to the penitentiary. These contentions will be considered in the order stated.

The first and second counts of the indictment upon which Schneider was tried charged rape, and the third, assault with intent to commit rape, all with force. None of the counts contained an allegation that the victim was under sixteen years of age. Such an allegation is unnecessary where either rape or assault with intent to commit rape, forcibly and against the will of the female, is charged. Crim. Code, div. 1, sec. 237, p. 991; *People* v. *Stowers,* 254 Ill. 588.

The test of the sufficiency of a verdict is whether the intention of the jury can be ascertained with reasonable certainty. If that intention can be so ascertained the verdict will be sustained. (*People* v. *Quesse,* 310 Ill. 467; *People* v. *Patrick,* 277 id. 210.) "Assault with intent to rape" and "assault with intent to commit rape" denote the same offense. The shorter forms of stating criminal offenses are often used. *People* v. *Cieslak,* 319 Ill. 221; *People* v. *Makovicki,* 316 id. 407; *People* v. *Kusinski,* 295 id. 575; *People* v. *Leahy,* 295 id. 588.

Schneider was convicted of an assault with intent to commit rape. The punishment fixed by the statute for that offense is imprisonment in the penitentiary for a term not less than one year nor more than fourteen years. (Crim. Code, div. 1, sec. 23, p. 927.) Section 2 of the Parole act (Cahill's Stat. 1927, p. 957; Smith's Stat. 1927, p. 1035;) provides that in such a case the sentence shall be a general one of imprisonment and that the court shall not fix its

limit or duration. Hence the jury had no power to fix the term of imprisonment. *People* v. *Dravilles,* 321 Ill. 390.

The jury by their verdict found that Schneider was about twenty-one years of age. By section 3 of the Parole act (Cahill's Stat. 1927, p. 957; Smith's Stat. 1927, p. 1036;) every male person between the ages of sixteen and twenty-six years, convicted of a felony, except in capital cases, may, in the discretion of the court, be sentenced to the reformatory instead of the penitentiary. Obviously, the circuit court of DuPage county had authority to sentence Schneider to the penitentiary.

The petition for the writ of *habeas corpus* presented to the respondent disclosed neither want of jurisdiction in the circuit court of DuPage county of the subject matter or of the person of Schneider, nor want of power to render the particular judgment. It has been repeatedly decided that no court can review, upon a petition for a writ of *habeas corpus,* the record of a cause determined by another court possessing these requisites of jurisdiction and power. (*People* v. *Williams, supra; People* v. *Zimmer,* 252 Ill. 9; *People* v. *Strassheim,* 242 id. 359; *People* v. *Superior Court,* 234 id. 186; *People* v. *Murphy,* 212 id. 584; *People* v. *Jonas,* 173 id. 316; *People* v. *Allen,* 160 id. 400; *Ex parte Smith,* 117 id. 63.) The respondent should have denied the writ of *habeas corpus,* and his order discharging Schneider from the penitentiary is void.

The writ of *mandamus* is awarded commanding the respondent, as judge of the superior court of Cook county, to expunge the void order from the records of that court.

*Writ awarded.*