(No. 22897.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL SZOBOR, Plaintiff in Error.

*Opinion filed April 17, 1935.*

PALMER C. BYRNE, for plaintiff in error.

OTTO KERNER, Attorney General, ELMER MOHAN, State's Attorney, and J. J. NEIGER, for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Reversal of a judgment of the circuit court of La-Salle county is sought by this writ of error. The judgment in question sentenced Paul Szobor to the penitentiary

for from one to twenty years on a charge of arson. For the first time since its enactment we are called upon to determine the effect of a legislative amendment to the Criminal Code in force January 1, 1934, providing for the discharge of persons committed for criminal offenses if not tried within four months of the date of commitment.

Szobor was arrested and confined in jail on June 22, 1934, where he remained until taken to the penitentiary some time after December 10, 1934. He was indicted by the grand jury of LaSalle county on October 10, 1934, and bail fixed at $2000, which he could not furnish. On the following day, October 11, the fourth day of the October term of the circuit court, he was furnished with a list of witnesses and a copy of the indictment, but the record does not show that he was then arraigned. The record is silent until November 30, 1934, when counsel entered an appearance for him. He was then arraigned and entered a plea of guilty to the indictment. No judgment and sentence were entered against him until December 10, 1934, after a motion made by his attorney for leave to withdraw his plea of guilty had been denied. This motion was made for the sole purpose of presenting his petition for discharge and release from custody because of the statute above mentioned.

The constitution guarantees every person charged with crime the right to "a speedy public trial." (Art. 2, sec. 9.) To give effect to the constitutional intent the period fixed must date from the arrest and not from the time the indictment is returned. (*Guthmann* v. *People,* 203 Ill. 260.) The legislature has given expression to this section of the constitution by requiring trials of accused persons within four months of the date of commitment. The statute prior to January 1, 1934, provided for the discharge of accused persons if not tried at some term of court commencing within four months of the date of commitment, but this section was changed, effective January 1, 1934, to read:

"Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner," etc. Cahill's Stat. 1933, sec. 18, p. 1086.

The four-months' period within which the court had jurisdiction to enter a judgment against defendant expired, under the statute then in force, on October 22, 1934—four months after Szobor was committed to jail. The record shows that Szobor was indicted and furnished with a copy of the indictment and list of witnesses prior to that time but was not arraigned until November 30, 1934. On this latter date the court was without jurisdiction, under the statute, to accept any plea or to enter any judgment. Its sole duty under the statute was to discharge the prisoner from custody. The right to a speedy trial is not a discretionary right to be lightly considered, but is an absolute right conferred by the constitution and expressly limited by statute, with certain exceptions therein noted. (*Newlin* v. *People*, 221 Ill. 166; *People* v. *Jonas*, 234 id. 56.) The record here shows that the prisoner did not ask for any delay and no extension of time was granted on request of the State's attorney in order to procure evidence. The statute, as amended, confers upon all persons imprisoned on a criminal charge the absolute right to be set at liberty unless tried within the four-months' period except under the special circumstances mentioned in the statute, none of which are found in this case. The trial court therefore erred in denying Szobor's motion for release from custody.

The judgment of the circuit court of LaSalle county is therefore reversed and plaintiff in error is ordered discharged from custody.

*Judgment reversed and plaintiff in error discharged.*