(No. 23247.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR EMBLEN, Plaintiff in Error.

*Opinion filed December 19, 1935.*

WM. SCOTT STEWART, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The defendant, Arthur Emblen, was in the criminal court of Cook county, on a trial before a jury, found guilty of an assault with intent to murder Eli J. Daiches and sentenced to the penitentiary. In response to a writ of error sued out of this court by the defendant the record is here for review.

Numerous errors are assigned and argued, but in the view we take of the case the decision of the error charged on the denial of the defendant's petition for discharge obviates the consideration of the other supposed errors.

The defendant was arrested October 19, 1934, at Gary, Indiana, and on the same day was returned to Cook county, Illinois. On some subsequent date not disclosed by the meagre record on that subject he was indicted for conspiracy and process issued thereon, although neither the indictment, the process nor the service of process, if such process was ever served on the defendant, is in the record. Apparently the defendant, after the expiration of more than four months following his arrest, filed his petition for discharge on the indictment for conspiracy under the provisions of section 18 of division 13, as amended, of the Criminal Code. (Ill. State Bar Stat. 1935, par. 771, p. 1256.) On the hearing of that petition the People, in order to sustain their contention that the defendant was not and had not been detained nor restrained of his liberty under the conspiracy charge, offered in evidence the affidavit of Otto Erlanson, lieutenant of police of Chicago, which stated, in substance, that he had ordered the arrest of the defendant, at that time living in Gary, Indiana; that Emblen was arrested there October 19, 1934; that Lieut. Erlanson talked to him; that defendant then and there expressed a willingness to return to Chicago and tell of his participation in the beating of Daiches, and that Emblen waived extradition. The State's attorney stated here

that the conspiracy indictment was subsequently stricken. The indictment in the case now before us was returned June 5, 1935.

The record shows that prior to his trial on the charge in the latter indictment the defendant filed his verified petition for discharge under the provisions of section 18 of division 13 of the Criminal Code on the ground that he was not brought to trial within four months from the date of his commitment. To sustain the allegations of the petition and authorize his discharge, it was incumbent on the defendant to show, in substance, that he was committed for the criminal offense of assault with intent to kill, had not been admitted to bail, had not been tried by the court having jurisdiction of the offense within four months of the date of his commitment, and that the delay had not happened on his application. The evidence shows the defendant had not been admitted to bail and that the delay in bringing him to trial had not happened on his application, nor had he been tried on the charge of assault to kill within four months of October 19, 1934. While there is some conflict in the evidence as to some of the details of the manner of the defendant's restraint, there is no substantial controversy but that the defendant was returned from Gary to Chicago in the custody of a police officer, at the time aforesaid, on the charge of assaulting Daiches but was not indicted on the present charge until more than seven months after his arrest on that charge. Further, that from the day of his arrest until his transfer to the jail proper, as hereinafter stated, the defendant was held on the fifth floor of the Administration building in charge of police officers twenty-four hours a day, and while he was kept there in a room, and not in a cell as that term is commonly used and understood, he was never permitted his liberty; that when he went to the second floor for his meals he was always in the custody of an officer; that later, apparently the latter part of February, 1935, he was trans-

ferred to and held in the county jail, which is located in the same Administration building.

The People contend that the defendant was not in custody nor committed but was of his own volition staying in the Administration building as a witness for the People in a case pending against other defendants charged with the murder of Daiches. In order to refute such contention, and also to negative the claim of the People that he was not prior to the return of the present indictment being held on the assault charge, the defendant on the present hearing before the trial court offered in evidence the affidavit of Lieut. Erlanson filed in the conspiracy case. The People offered in evidence the written waiver of extradition signed by the defendant on the day of his arrest. In the latter instrument, amongst other things, it was stated that the defendant freely and voluntarily agreed "to accompany Lieut. Otto Erlanson as a *prisoner* from Gary, Lake county, Indiana, for the purpose of answering to the charge of investigation there pending against me."

Lieut. Erlanson testified for the People. On cross-examination he was shown his affidavit and stated in connection therewith that he had ordered the arrest of Emblen because of his information that Emblen was the man who had assaulted Daiches. Again, in response to a question asked by the trial judge, the officer stated he informed the officers in Gary that the defendant was supposed to be the man who assaulted Daiches. The defendant also testified relative to the facts of his arrest, his return to Chicago, and his confinement in the Administration building, and later in the county jail, at Chicago. From the facts appearing in the record it is apparent the imprisonment of the defendant was at all times on the original charge of assault with intent to kill and that he was not arrested originally on the conspiracy charge and was never restrained solely by virtue of that criminal charge. From the record it would appear that the trial judge took the view that be-

cause no process was in evidence ·by which the defendant was held on the charge of assault with intent to kill, the defendant was not "committed," within the meaning of the statute.

Section 9 of article 2 of our constitution guarantees a speedy trial to every person charged with a criminal offense. In accord with this constitutional mandate the General Assembly has from time to time enacted legislation fixing a limited period within which a defendant must be tried and in default thereof granting to the defendant his liberty, with immunity from further prosecution for the alleged offense on which he has been committed. The present statute now requires, in substance, that when the defendant is not on bail he must be tried within four months from the day of his commitment or otherwise be set at liberty, unless the delay is occasioned by the application of the defendant. The duty to bring the defendant to a trial within the statutory period is mandatory and not discretionary. The statute is not a technical one but confers upon a defendant a substantial and absolute right under the constitutional guaranty. (*People* v. *Szobor*, 360 Ill. 233.) The salutary provision of this statute cannot be nullified by technical evasions. *People* v. *Jonas*, 234 Ill. 56; *People* v.. *Heider*, 225 id. 347; *Newlin* v. *People*, 221 id. 166.

While in the case at bar there appears no judicial order by which the prisoner was ordered committed, yet the facts disclose he was arrested charged with the same offense on which he was later tried and convicted, was never released from that arrest, and was confined from the time of his arrest, October 19, 1934, to the time of his trial, in June, 1935. The defendant was as effectively and completely restrained of his liberty during such interim as though he had been committed by the judicial order of some magistrate or court of record having jurisdiction of the subject matter in issue and of the person of the defendant. Officers may not thwart the provisions of the constitution and the

statute by arresting without warrant and incarcerating a prisoner without an order of commitment of some court of competent jurisdiction. (*Guthmann* v. *People,* 203 Ill. 260.) The trial court was in error in not granting the defendant's petition for release from custody.

The judgment of the criminal court of Cook county is reversed and the plaintiff in error is ordered discharged from custody.

*Judgment reversed and plaintiff in error discharged.*

Mr. JUSTICE SHAW, dissenting.

Mr. JUSTICE WILSON took no part in this decision.