(No. 25427.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK STILLWAGON, Plaintiff in Error.

*Opinion filed February 21, 1940.*

JOHN E. TAYLOR, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, CHARLES E. MASON, State's Attorney, and A. B. DENNIS, (GEORGE W. FIELD, of counsel,) for the People.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

Jack Stillwagon, George Michalak, Anton Stieb, Peter Shirmang and three other persons were indicted in the cir-

cuit court of Lake county on December 7, 1936, for robbery, robbery while armed with a dangerous weapon, assault with intent to commit robbery, receiving stolen property and larceny. A jury found Michalak not guilty, Stillwagon guilty of robbery as charged, and the other two defendants guilty of larceny. Stillwagon, hereinafter referred to as the defendant, prosecutes this writ of error.

Prior to the trial, the defendant filed a verified petition seeking his discharge under section 18 of division 13 of the Criminal Code. Defendant was one of several participants in a hold-up near Volo, in Lake county, on August 18, 1936. The proceeds of the robbery consisting of eggs, chickens and pigeons were transported to Cook county. From defendant's affidavit and the supporting testimony it appears that he was apprehended in Chicago on August 20 and was continuously held in custody in Cook county until November 18, 1936. Defendant, together with Stieb and Shirmang, was indicted in the criminal court of Cook county for larceny of a motor truck, receiving the truck as stolen property, and larceny of its contents. On November 18, the indictment was stricken with leave to reinstate. Upon his release from custody in Cook county the defendant was arrested by the sheriff of Lake county, and from the day last named to February 8, 1937, he was incarcerated in the county jail of Lake county. The petition for discharge was overruled.

The sole issue presented for decision is the propriety of the denial of defendant's motion seeking a discharge. Section 9 of article 2 of our constitution guarantees to every person accused of crime a speedy public trial in the county in which the offense is alleged to have been committed. Implementing the constitutional guaranty the applicable statute (Ill. Rev. Stat. 1939, chap. 38, par. 748, p. 1215) ordains: "Any person committed for a criminal * * * offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of

the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at a later day in which case the court may continue the cause for not more than sixty (60) days." The statute, as defendant points out, is mandatory, cannot be nullified by technical evasions and confers upon an accused an absolute right under the constitutional guaranty to be set at liberty unless tried within the time prescribed, except under the circumstances specified. (*People* v. *Emblen,* 362 Ill. 142; *People* v. *Schmagien,* 361 id. 371; *People* v. *Szobor,* 360 id. 233; *People* v. *Jonas,* 234 id. 56.) Conversely, to avail himself of the statute a petitioner must bring himself within its terms.

Here, defendant was imprisoned in Lake county for the criminal offense, among others, of robbery, not admitted to bail, and, so far as the record discloses, interposed no application for delay, and the People sought no extension of time for the purpose of obtaining evidence. The issue is thus narrowed to the determination of whether defendant was tried by the court having jurisdiction of the offense within four months of the date of his commitment for such offense. He had been incarcerated in Lake county on the charge of commiting a robbery less than three months when, on February 8, 1937, he invoked the ameliorative provisions of section 18 of division 13 of the Criminal Code. Defendant's earlier confinement in Cook county was for an offense separate and distinct from the crime for which he was later tried and convicted in Lake county. The criminal court of Cook county had jurisdiction to try defendant on the charge of larceny under the statute which provides that where property is stolen in one county of this State and carried into another, the jurisdiction shall be in any county into or through which the property may have passed,

or where it may be found, (Ill. Rev. Stat. 1939, chap. 38, par. 707, p. 1209,) the act of removal of the stolen goods from Lake county into Cook county being regarded as a new taking and asportation. (*People* v. *Brickey,* 346 Ill. 273.) Jurisdiction to convict him of robbery, the offense charged in the present case was, however, wanting. (*Nagel* v. *People,* 229 Ill. 598.) The only court competent to try defendant for robbery was the court having jurisdiction of the offense,—namely, the circuit court of Lake county. He had been neither indicted nor held in custody in Cook county on the charge of robbery. Since the one court having jurisdiction of the crime of robbery tried defendant within four months of the date of his commitment on this charge, it follows, necessarily, that his right to a speedy trial was not invaded and his motion for discharge properly denied.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*