## KLOPP v. OVERLADE, Warden.
### No. 9135.

Circuit Court of Appeals, Seventh Circuit.
Dec. 27, 1946.

Rehearing Denied July 3, 1947.

Hayden C. Covington, of Brooklyn, N. Y., and Victor F. Schmidt, of Rossmoyne, Ohio, for appellant.

B. Howard Caughran, U. S. Atty., of Indianapolis, Ind., and Nathan T. Elliff, Sp. Asst. to Atty. Gen., U. S. Department of Justice, of Washington, D. C. for appellee.

Before KERNER and MINTON, Circuit Judges, and BRIGGLE, District Judge.

PER CURIAM.

On May 15, 1944, appellant, under § 11 of the Selective Training and Service Act of 1940 as amended, 50 U.S.C.A.Appendix, § 301 et seq., was convicted in the Southern District of Ohio of failure to report for work of national importance, and sentenced to imprisonment. In that case the trial court refused to permit him to intro-duce evidence which he claimed would show that he was an ordained minister of religion, entitled to exemption under § 5(d) of the Act. Claiming that the trial judge had erred in so ruling, he appealed, but the judgment was affirmed, Klapp v. United States, 6 Cir., 148 F.2d 659, and appellant was incarcerated in a United States penitentiary at Terre Haute, Indiana. February 13, 1946, he filed his petition in the District Court for the Southern District of Indiana, Indianapolis Division, for a writ of habeas corpus, in which he alleged that the judgment under which he was confined was illegal, null and void be-cause the convicting court had denied him the opportunity to prove that he was an ordained minister of religion.

It is elementary that habeas corpus may not be used as a writ of error. The function of habeas corpus is exhausted when it is ascertained that the court under whose judgment the petitioner is being held had jurisdiction to act. It is not enough to show that the decision was wrong. If it cannot be said that there were procedural irregularities of such a nature or magnitude as to render the hearing unfair, or that there was no evidence to support the judgment, the inquiry is at an end. Major General W. W. Eagles v. United States ex rel. Samuels, 329 U.S. 304, 91 L.Ed. ——, 67 S.Ct. 313.

In this case the habeas corpus court held a hearing at which appellant offered, and the court received, in evidence his draft board file in its entirety, as well as a complete printed transcript of his trial in the Southern District of Ohio. Upon consideration of all the evidence the court found that Local Board No. 4 for Butler County, Ohio, had not denied appellant any right provided in the Selective Training and Service Act of 1940 as amended or by the regulations duly made and promulgated thereunder, that the record of appellant's trial in the Southern District of Ohio disclosed substantial evidence supporting the board's conclusion that appellant should not have been classified as a minister, and that his classification was neither arbitrary nor capricious. The court ordered that the petition for a

writ of habeas corpus be denied, 66 F.Supp. 450. In this court, appellant in his brief states, "the facts found by the court below may be accepted as true."

Our examination of the record and briefs filed on this appeal and consideration of the oral argument have convinced us that, in the state of this record, no error was committed in denying the writ. See Ex parte Watkins, 3 Pet. 193, 28 U.S. 193, 7 L.Ed. 650; Collins v. Johnston, 237 U.S. 502, 35 S.Ct. 649, 59 L.Ed. 1071; Sunal v. Large, 4 Cir., 157 F.2d 165; Estep v. United States, 327 U.S. 114, 124, 66 S.Ct. 423, 428, in which the court held that where a proffered defense of illegal classification is rejected at the criminal trial, habeas corpus, after conviction, is available "to challenge the jurisdiction of the local board." Compare United States ex rel. Kulick v. Kennedy, 2 Cir., 1946, 157 F.2d 811, in which the court found that Kulick had been denied rights provided in the Selective Training and Service Act of 1940 as amended and the regulations duly made and promulgated thereunder.

Affirmed.

## On Petition for Rehearing.

Appellant's petition is directed to a reconsideration of the opinion of the court holding that no error was committed in denying the writ. While nothing substantial is presented that was not fully considered upon the original hearing, we purposely refrained from acting on appellant's petition until now, because the Sunal and Kulick cases, cited in our opinion, were pending in the Supreme Court.

In those cases, it too was claimed that the judgments and sentences under which the petitioners were confined were null and void because the convicting courts lacked jurisdiction by reason of the denial of petitioners' constitutional rights of due process consequent upon rejection of the evidence tendered. On June 23, 1947, both of these cases were decided in one opinion, (Sunal v. es were decided in one opinion, Sunal v. Large, 67 S.Ct. 1588, 1592, the Court holding that under the circumstances there appearing, habeas corpus could not be used as a substitute for a writ of error. In its opin-

ion the Court said: "The courts which tried the defendants had jurisdiction over their persons and over the offense. They [the courts] committed an error of law in excluding the defense which was tendered. That error did not go to the jurisdiction of the trial court" and continuing, "Error in ruling on the question of law did not infect the trial with lack of procedural due process."

We think that under the facts in our case, what was said in the Sunal and Kulick cases is especially applicable here, and the petition for rehearing must be denied. It is so ordered.