People of State of Illinois, Defendant in Error, v.
Michael Switalski, Plaintiff in Error.

Gen. No. 43,953.

Opinion filed April 2, 1947.  Released for publication April 25, 1947.

ALFRED M. LOESER, of Chicago, for plaintiff in error.

WILLIAM J. TUOHY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER and MELVIN S. REMBE, Assistant State's Attorneys, of counsel.

Mr. Justice Burke delivered the opinion of the court.

A three count information filed in the county court of Cook county on April 24, 1945, charged that on March 3, 1944 Michael Switalski violated provisions of the Medical Practice Act. On April 30, 1945 he appeared in person and by counsel and was released on his own recognizance. On November 5, 1945 the court ordered that the cause be continued to November 27, 1945. Then he filed a motion to quash the information. The court heard the arguments of counsel on the motion to quash and continued "further hearing" to December 12, 1945. On December 13, 1945 the court sustained defendant's motion to quash count 2 of the information. On that date (December 13, 1945) he demanded "an immediate trial." On May 8, 1946, he again demanded "an immediate trial." The court continued the case to May 13, 1946. Then the defendant again demanded "an immediate trial." The court, on motion of the state's attorney, continued the case to June 3, 1946. On June 4, 1946 the case came on for trial. Defendant filed a motion to dismiss "for the reason that more than four terms of court have gone by since the date of the information and since the dates of the respective demands for trial in the above entitled case in conformance with the statute in such case made and provided." The court overruled defendant's motion. He was arraigned and entered a plea of "not guilty." A trial before the court and a jury resulted in a verdict finding him guilty as charged in counts 1, 3 and 4. Motions for a directed verdict, in arrest of judgment and for a new trial were overruled. The court entered judgment on the verdict, sentencing him to serve a term of six months in the county jail of Cook county and to pay a fine of $500 and costs. Prosecuting a writ of error, he asks that the judgment be reversed.

Nine points are argued by the defendant. Two of these were disposed of adversely to the contentions

of defendant in *People v. Switalski*, 394 Ill. 530. We shall consider only defendant's contention that the court erred in overruling his motion to "dismiss the cause" under par. 748, ch. 38, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 37.733]. That section reads:

"Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at a later day in which case the court may continue the cause for not more than sixty (60) days. If any such person shall have been admitted to bail for an alleged offense, other than a capital offense, he shall be entitled, on demand, to be tried within four months after such demand: Provided, that if the court shall be satisfied that due exertion has been made to procure the evidence on behalf of the People and that there is reasonable ground to believe such evidence may be procured at a later day, the court may continue the cause for not more than sixty (60) days."

The section is divided into two parts, one governing the situation of a person not admitted to bail and the other a person admitted to bail other than for a capital offense. The section should be read as a whole. A person entitled to its benefits is required to be "set at liberty" by the court, unless placed on trial within the prescribed time limits. This section has been construed in many cases. In *People v. Emblem*, 362 Ill. 142, the court said (146):

"Section 9 of article 2 of our constitution guarantees a speedy trial to every person charged with a criminal offense. In accord with this constitutional mandate the General Assembly has from time to time

enacted legislation fixing a limited period within which a defendant must be tried and in default thereof granting to the defendant his liberty, with immunity from further prosecution for the alleged offense on which he has been committed. The present statute now requires, in substance, that when the defendant is not on bail he must be tried within four months from the day of his commitment or otherwise be set at liberty, unless the delay is occasioned by the application of the defendant. The duty to bring the defendant to a trial within the statutory period is mandatory and not discretionary. The statute is not a technical one but confers upon a defendant a substantial and absolute right under the constitutional guaranty. (*People v. Szobor,* 360 Ill. 233.) The salutary provision of this statute cannot be nullified by technical evasions.''

██ ██ The case did not come to trial until June 4, 1946. Then defendant moved to ''dismiss the cause'' in accordance with the provisions of par. 748, ch. 38, Ill. Rev. Stat. 1945. The parties and the court treated the motion as one to set the defendant at liberty under that section. When the trial was commenced the information had been pending more than a year and the court had jurisdiction of his person during all of that time. There are no stated terms of the county courts and such courts are always open ''for the transaction of business.'' Par. 176, ch. 37, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 36.162]. Defendant did not at any time ask for a continuance. He was insisting on trial. The statute states in clear language that a person admitted to bail for an alleged offense, other than a capital offense, shall be entitled, on demand, to be tried within four months after such demand, unless the court shall be satisfied that due exertion has been made to procure the evidence on behalf of the People, and that there is reasonable ground to believe such evidence may be procured at a later date. If the court is satisfied that due exertion has been made and that

there is reasonable ground to believe that such evidence may be procured at a later date, the court may continue the cause for not more than 60 days. No effort was made to try the defendant within four months after his demand of December 13, 1945. There was no attempt to show that the People were encountering difficulty in procuring evidence and no request was made on behalf of the People for a continuance for the purpose of procuring evidence. When the case was tried, the complainant was the only witness for the People. She resides in Chicago and was available to testify. The defendant brought himself within the provisions of par. 748 and it was the duty of the court to sustain the motion that he be discharged for want of prosecution and set at liberty.

For this error the judgment of the county court of Cook county is reversed.

*Judgment reversed.*

LEWE, P. J., and KILEY, J., concur.