(No. 29983.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELMER OWENS, Plaintiff in Error.

*Opinion filed May 22, 1947.*

ELMER OWENS, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Elmer Owens, was indicted in. the criminal court of Cook county at the March term, 1942, in three cases for the crimes of robbery and as an habitual criminal. He was represented by the public defender of

Cook county, a jury was waived and trial was had upon the charges before the court. He was found guilty of plain robbery and that he had theretofore been convicted of robbery as charged in the indictments, and was sentenced to the Illinois State Penitentiary for a term of twenty years on each of the causes as an habitual criminal. It was ordered that the sentences run concurrently. Plaintiff in error brings the cause here on the common-law record.

It is contended by plaintiff in error that the trial court erred in sentencing him as an habitual criminal upon a prior conviction as alleged in the indictment for the reason that said prior conviction did not pertain to him. In other words, it is the contention of plaintiff in error that there is a variance between the prior conviction alleged in the indictment and the proof in support of same; and, further, the trial court erred in sentencing him as an habitual criminal because his prior conviction terminated in a sentence to the Illinois State Reformatory at Pontiac, and under the Habitual Criminal Act a term of imprisonment in the reformatory is not actual imprisonment in the penitentiary.

The indictments properly charge plaintiff in error with having previously been found guilty of robbery and with having been sentenced to the penitentiary. However, no objection is made to the form of the indictments, but plaintiff in error insists he was not the person found guilty in the previous indictments. We have examined the record here and, there being no bill of exceptions, fail to find any challenge to the indictments as originally returned.

It is plaintiff in error's contention that he was originally sentenced to the Illinois State Reformatory at Pontiac on a charge of robbery and in support of this he attaches a certified copy of the judgment of conviction and sentence. This judgment is no part of the common-law record, and, therefore, this court cannot properly consider the question as presented in the instant case. In this connection we

■■■■■■■■■■■■■■ ■■■■■■■

have previously held that any questions as to variance between the allegations of an indictment and the proof which are not raised in the trial court cannot be raised in this court for the first time. (*People* v. *Ascey*, 304 Ill. 404.) There being no error in the record and no bill of exceptions presented, there is nothing before this court other than the common-law record which must be taken as speaking the truth. (*People ex rel. Cohen* v. *Regan*, 392 Ill. 452.) It is well established that the record imports verity and cannot be contradicted except by other matter of record. *People* v. *DeLisle*, 374 Ill. 437.

The indictments in this cause, being regular in form and alleging the prior conviction of plaintiff in error of the charge of robbery and his sentence to the penitentiary, authorize his subsequent conviction of robbery and the sentence in conformity with the Habitual Criminal Act, and there is nothing further for this court to review. The record upon its face, being regular, is controlling, and there being no showing as to any error, we are bound by the record as presented.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*