**UNITED STATES ex rel. HANSON v. RAGEN, Warden.**

No. 9328.

Circuit Court of Appeals, Seventh Circuit.

Feb. 17, 1948.

MAJOR, C. J., dissenting.

George F. Barrett, Atty. Gen., of Illinois, and William C. Wines, Asst. Atty. Gen. (Raymond S. Sarnow and James C. Murray, Asst. Atty. Gen., of counsel), for appellant.

Zeamore A. Ader, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

In 1946, after thirty-nine years in the Illinois State penitentiary, petitioner filed a petition for writ of habeas corpus, alleging, inter alia, that his State remedies were exhausted, and that by failure of timely State prosecution he had been denied due process in violation of the Fourteenth Amendment. Upon a hearing in the District Court, petitioner was discharged. Respondent is appealing from the judgment.

From the record it appears that on the night of November 18 or the morning of November 19, 1906, a Chicago police officer, while on duty, was shot and killed. Petitioner was seized at the scene of the crime and was accused of the policeman's murder. November 23, 1906, he was held to the grand jury by a verdict of the coroner's jury. The grand jury, on December 29, 1906, indicted Hanson for murder. January 7, 1907, the accused was arraigned in open court and pleaded not guilty to the indictment. He was brought to trial on April 12, 1907, at which time his counsel moved that he be discharged for want of prosecution within the statutory period of four terms. The motion was argued and overruled on April 13. A motion for change of venue on the ground that the trial judge was prejudiced against petitioner was denied on April 16. Hanson went to trial on April 16, and on April 24 the jury returned a verdict of guilty. He was sentenced to life imprisonment. No appeal was taken, and there is evidence that petitioner instructed his counsel not to file an appeal. It further appears from the record that after conviction in the murder case, petitioner pleaded guilty to several further charges, namely, assault with intent to kill, grand larceny, and burglary. He was sentenced to the penitentiary on each of these additional charges.

The pertinent statute in force at the time of the criminal trial[1] provided that any person charged with an alleged crime and not admitted to bail and not tried at some term of the court having jurisdiction thereof commencing within four months of the date of commitment was to be discharged, unless (1) the delay should have been on the application of the prisoner, or (2) the court was satisfied that due exercise had been made on behalf of the prosecution to procure the evidence and there was reasonable grounds that such evidence could be procured.

---

[1] "Discharge for Want of Prosecution.

"Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried at some term of the court having jurisdiction of the offense commencing within four months of the date of commitment, or if there is no term commencing within that time, then at or before the first term commencing after said four months, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the people, and that there is reasonable grounds to believe that such evidence may be procured at the next term, in which case the court may continue the case to the next term. If any such person shall have been admitted to bail for an alleged offense, other than a capital offense, he shall be entitled, on demand, to be tried at some term commencing within four months after he has been admitted to bail, if there is a term of court within that time at which he may be tried; if not, then at the first term after the expiration of said four months: Provided, That if the court shall be satisfied that due exertions have been made to procure the evidence on behalf of the people, and that there is reasonable ground to believe such evidence may be procured at the next term or at some term to commence within seventy (70) days thereafter, the court may continue the cause to such term." Hurd's Ill.Rev. Stat., c. 38, § 438 (1905).

610

Concededly, the right to a speedy trial is guaranteed by both the Constitution and the State constitution. U.S.Const. Amend. 6; Smith-Hurd Stats.Const. art. 2, § 9. Under federal case law the right to a speedy trial is relative and dependent upon surrounding circumstances. Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950. Further, if the petitioner's own action delays the trial, he is precluded from invoking this right. Daniels v. United States, 9 Cir., 17 F.2d 339. In Illinois this guaranty has been complemented by the discharge statute which defines what is a speedy trial. Petitioner argues that the statute[2] directing discharge for want of prosecution within a specified period is mandatory. People v. Stillwagon, 373 Ill. 211, 25 N.E.2d 795; People v. Stillman, 391 Ill. 227, 62 N.E.2d 698. If this is the law, it is clear from the language of the applicable statute and the cases cited that exceptions exist. One is that the accused by his own action may waive his right to trial within the statutory time. Another is that the trial may properly commence after the statutory period if the delay is due to the prosecution's reasonable efforts to secure evidence.

The function of the writ of habeas corpus is to inquire into jurisdictional defects amounting to want of legal authority for the detention of the person in whose behalf it is asked. The court examines only the power and authority of the court to act, not the correctness of its conclusions, Harlan v. McGourin, 218 U.S. 442, 448, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849, and the petition for the writ may not be used as a substitute for an appeal or a writ of error, nor can it be made to perform its functions. Matter of Gregory, 219 U.S. 210, 213, 31 S.Ct. 143, 55 L.Ed. 184; Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455; Kaizo v. Henry, 211 U.S. 146, 148, 29 S.Ct. 41, 53 L.Ed. 125; People v. Williams, 330 Ill. 150, 154, 161 N.E. 312. In our case petitioner contends that respondent lacked legal authority to detain him because he had not been tried within the period of four terms after his commitment. He claims that the delay was not due to any action on his part, and that there is no showing that it was occasioned by the prosecution's diligent efforts to secure evidence. Indeed, there is hearsay testimony to the effect that the then state's attorney at the time the motion for discharge was filed confessed error privately to petitioner's counsel and offered a life sentence in return for a plea of guilty. The offer was refused. In the light of these facts, petitioner insists that the judgment of conviction in the State court was without jurisdiction and void, and that the federal question of the denial of his constitutional rights is squarely raised.

It is elementary that the function of habeas corpus is exhausted when it is ascertained that the court under whose order the petitioner is being held has jurisdiction to act. Klopp v. Overlade, 7 Cir., 162 F.2d 343. In this case it is not questioned but what the court had jurisdiction of petitioner's person and of the subject matter. The question before the Criminal Court of Cook County, Illinois, on April 12, 1907 was petitioner's motion that he be discharged for want of prosecution within the statutory period of four terms. At that time the court had jurisdiction of the subject matter and of the petitioner's person, and it possessed the power to pass upon the petitioner's motion. That court did pass upon the motion and rendered judgment against petitioner. Even if we assume that the judgment was erroneous, it was not void.

True, a court may lose its jurisdiction in the course of the proceedings through the violation of certain constitutional rights and its judgment may consequently be void. Such is the claim of petitioner, and in support thereof he cites People v. Szobor, 360 Ill. 233, 235, 195 N.E. 648. But as counsel is aware, the court's statement that a court loses jurisdiction after the lapse of the statutory period is expressly overruled by the subsequent case of People v. Utterback, 385 Ill. 239, 52 N.E. 2d 775. In the latter case, the court held that a court having jurisdiction of the per-

---

[2] The statute was amended in 1933 (Ill.Rev.Stat., c. 38, § 748 (1935), but for our purposes the general tenor of the statute remains. Therefore, cited cases dated subsequent to 1933 are applicable.

son and of the subject matter in a criminal case does not lose jurisdiction solely upon the expiration of the statutory term, and an accused desiring to be discharged under the statute must seek a ruling of the trial court on it as to his facts. If adverse, he may have such a ruling reviewed only by a writ of error. The court 385 Ill. at page 243, 52 N.E.2d at page 777 further added this definitive language that "a writ of habeas corpus could not be used, after a judgment of conviction, to perform the office of a writ of error."

In the Utterback case, supra, the accused by writ of error sought to review that portion of the record of the trial court pertaining to a motion that he be discharged because he had been confined in jail before trial for more than the statutory period. The trial court did not pass upon the motion, as the accused withdrew it before pleading guilty. The contention that the motion alleged facts creating a constitutional right which could not be waived was struck down.

Petitioner endeavors to distinguish this case by showing that he did not withdraw his motion, and, therefore, that he did not waive any of his constitutional rights. It is uncontradicted, however, that petitioner did not seek a review of his conviction or the denial of the motion to be discharged.

Both People v. Utterback, supra, and People v. Tait, 390 Ill. 272, 61 N.E.2d 166, clearly stand for the rule of law that an accused desiring to be discharged under the statute in question must seek his remedy through a writ of error to the State Supreme Court. People v. Tait, supra, exacts the additional task of the accused that he can only have such a contention reviewed if it has been preserved by a bill of exceptions or has been certified by the trial judge. While such procedure seems unduly burdensome to an accused, it is the law of Illinois. Moreover, the proposition remains that a writ of error is the only ordinary remedy available to an accused seeking his discharge under the statute.

■ Petitioner meets this by asserting that he has exhausted all the remedies available to him. In 1946 when he filed his petition for a writ of habeas corpus in the District Court, he had previously applied for a writ of habeas corpus to the Criminal Court of Cook County and to the United States Supreme Court. Both had been denied. He asserts that no other remedy is available to him, because the limitation period of more than twenty years after judgment for suing out a writ of error has elapsed. People v. Chapman, 392 Ill. 168, 64 N.E.2d 529. Moreover, the five year statutory time of the judgment for bringing a writ of error coram nobis has also elapsed. Ill.Rev.Stat. c. 110, § 196 (1947). Assuming arguendo, that the petitioner did pursue the only remedy open to him in 1946, we are unable to interpret his action at the time of his conviction as anything but a deliberate and affirmative waiver of his statutory rights. From the testimony of his counsel at the murder trial, who testified in behalf of and in the presence of the petitioner, it is clear that petitioner waived his rights under the statute, because he instructed counsel not to move for a new trial, not to file a bill of exceptions and not to file an appeal. This testimony was not denied by petitioner.

Marino v. Ragen, 68 S.Ct. 240, is cited as authority for the propriety here of the writ of habeas corpus. In that case, however, the State confessed error and conceded that the writ was the only proper remedy. The State makes no such concession here. For reasons best known to himself, the petitioner at the time of his conviction not only purposely ignored the rights of appeal as provided by the State, but instructed his counsel not to seek a review of his trial. We cannot say that that is sufficient cause for the federal courts to intervene now. White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348.

Moreover, the Supreme Court in Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, when presented with the case of a petitioner convicted under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., who had failed to appeal, held that he could not obtain a review of his conviction by a writ of habeas corpus.

The judgment is reversed, and the cause is remanded to the District Court with instructions to dismiss the petition for a writ of habeas corpus and to return petitioner to the custody of respondent.

612

MAJOR, Circuit Judge (dissenting).

I would reverse the order of discharge, not on its merits, but with directions that the lower court make specific findings of fact and enter its conclusions of law as a basis for its order. In my opinion, such findings are required by Rule 52 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. Holiday v. Johnston, 313 U.S. 342, 353, 61 S.Ct. 1015, 85 L.Ed. 1392; Von Moltke v. Gillies, etc., 68 S.Ct. 316. See also In the Matter of Application of Murra, 7 Cir., 166 F.2d 605.

Considering the case on its merits, however, as the majority have seen fit to do, I dissent. In my view, the judgment rendered by the State court on April 30, 1907, was without authority and of no effect. Such being the case, it is further my view that petitioner's commitment under such judgment was violation of due process under the Federal Constitution.

The respondent concedes that petitioner was not tried "at some term of the court having jurisdiction of the offense commencing within four months of the date of commitment." The statute provides under such circumstances that the defendant "shall be set at liberty by the court." This much is not in dispute, but respondent argues that the court might have acted under a proviso subsequently discussed. Unless the case comes within such proviso, the failure to discharge the defendant is a violation of his constitutional rights. A long line of Illinois decisions has so held. Newlin v. People, 221 Ill. 166, 175, 77 N.E. 529; People v. Emblen, 362 Ill. 142, 199 N.E. 281; People v. Stillwagon, 373 Ill. 211, 25 N.E.2d 795; People v. Stillman, 391 Ill. 227, 228, 62 N.E.2d 698.

As the court stated in the Newlin case, supra, 221 Ill. at page 173, 77 N.E. at page 530: "By the section of the statute in question an absolute right is conferred upon a person charged with crime and committed to and imprisoned in jail, to be set at liberty unless tried within the time limited by that section, except where the circumstances exist which by the provisions of that statute required the court to hold the person for trial. Thus is the constitutional guaranty of a speedy trial made effective."

Again, as stated in the Stillwagon case, supra, 373 Ill. at page 213, 25 N.E.2d at page 796: "The statute, as defendant points out, is mandatory, cannot be nullified by technical evasions and confers upon an accused an absolute right under the constitutional guaranty to be set at liberty unless tried within the time prescribed, except under the circumstances specified."

Respondent's argument for reversal is predicated solely upon two propositions: (1) petitioner failed to show any denial of Federal constitutional rights, and (2) petitioner deliberately and affirmatively waived any rights that he had. The argument in favor of the first point is that the petitioner failed to show that he was entitled to the benefit of the "four-term act." This argument is based on the proviso contained in the statute, which (as it existed in 1907) stated: " * * * unless the court is satisfied that due exertion has been made to procure the evidence on the part of the people, and that there is reasonable grounds to believe that such evidence may be procured at the next term, in which case the court may continue the case to the next term." Respondent does not assert that the court acted within the proviso, but that petitioner has not shown to the contrary and that for aught that is shown by the record the court might have so acted. There was introduced in the court below the common law record, as well as oral testimony relevant to the State court proceedings.

In Illinois the common law record imports verity and cannot be contradicted except by other matter of record. People v. Owens, 397 Ill. 166, 168, 73 N.E.2d 274; People v. Evans, 397 Ill. 430, 431, 74 N.E.2d 708. The common law record (admitted below without objection), so far as pertinent shows that on April 12, 1907, defendant made a motion to be discharged because not tried within four terms of court, that on the same day argument (not evidence) was heard in part and the cause continued until the next day, April 13, 1907, when further argument (not evidence) was heard on defendant's motion to be discharged. On the same day, the motion was overruled and an exception noted. On April 16, 1907, defendant's motion to quash the indictment was overruled, his plea of not guilty was

entered and his motion for change of venue was overruled. On the same day (the third day after his motion to be discharged had been overruled), the trial commenced.

In my view, this record demonstrates conclusively that the court in overruling the motion to discharge did not act within the proviso of the statute. To come within its scope, the court must be satisfied not only that due exertion has been made by the people to procure the evidence but that there is reasonable ground to believe that such evidence may be procured at the next term, and when so satisfied the court "may continue the case to the next term." The fact that petitioner was placed on trial the third day after the motion to discharge was overruled leaves no room to suspect, much less hold, that the court either could or did act within the terms of this proviso.

Thus, the common law record needs no aid from a bill of exceptions or from any other source to demonstrate that petitioner was entitled to a discharge. Assuming, as the court held in People v. Utterback, 385 Ill. 239, 244, 52 N.E.2d 775, that the court did not lose jurisdiction at the expiration of the four-month period, it still is the law in Illinois that unless the case comes within the proviso the court has a mandatory duty to discharge the defendant, and a refusal to do so is a violation of a constitutional right. People v. Stillman, supra; People v. Switalski, 331 Ill.App. 31, 72 N.E.2d 447. In the latter case, the court quite pertinent to the instant situation, stated, 331 Ill.App. at page 35, 72 N.E.2d at page 449: "There was no attempt to show that the People were encountering difficulty in procuring evidence and no request was made on behalf of the People for a continuance for the purpose of procuring evidence. When the case was tried, the complainant was the only witness for the People. She resides in Chicago and was available to testify. The defendant brought himself within the provisions of Section 748 and it was the duty of the court to sustain the motion that he be discharged for want of prosecution and set at liberty."

I do not subscribe to the idea that a court can be "satisfied" as contemplated by the proviso from some notion it plucks out of the air. To think otherwise is to rob the four-term act of all its force and vitality. There must be something in the form of a motion, affidavit or testimony on which the court can predicate its satisfaction. Here, as the record shows, there was nothing but the petitioner's motion and oral argument. The court was under a mandatory duty under such circumstances to discharge the petitioner. Its refusal to do so was a violation of his constitutional right and resulted in an illegal and unwarranted deprivation of his liberty.

The oral testimony of the attorney who represented petitioner in the State court proceeding is not only consistent with but supports the common law record. He testified that he was called into the state's attorney's office and was told: "This is an awful thing that has happened to this office. If you'll take the man in and plead him guilty to life we will give it to him." It is also consistent with the testimony that the trial judge at the time he denied petitioner's motion for discharge stated: "There is no question about the time he has been here, but I am going to deny your motion." This witness further testified that there was nothing before the court except petitioner's motion to dismiss. His attention was called to an affidavit found in the State court file, made by the then state's attorney, which gave petitioner's physical condition as a reason why he was not sooner brought into court. The witness testified that this affidavit was not presented or mentioned in the State court proceeding and his first knowledge of it was when it was shown him during the hearing below. This affidavit of the state's attorney, even had it been presented to the court in connection with the motion to dismiss, would have furnished no justification for the court's action under the proviso. Any inference drawn from it would be that the state's attorney was attempting an alibi for his failure to have the defendant brought to trial within the time specified.

The contention that petitioner waived his right to discharge is predicated upon proof that after he was found guilty and a judgment rendered against him, he instructed his counsel not to prepare a bill of exceptions and not to prosecute a writ of

error. The Utterback case, supra, is relied upon in support of this argument, wherein the court held that the defendant had waived his right to discharge. However, the facts in that case held to constitute waiver are just the opposite of those in the instant case. There the defendant, after making a motion for discharge, withdrew it before the court acted upon it, entered his plea of guilty and was sentenced to the penitentiary. In the instant case, petitioner persisted in his right to discharge until an adverse ruling was made, stood trial and was found guilty. The court in the Utterback case indicated that the defendant in the absence of such waiver would have been entitled to discharge. It stated, 385 Ill. at page 241, 52 N.E.2d at page 776: "In the absence of a showing justifying the delay, the facts set forth in the motion should have entitled him to an order of discharge."

Respondent confuses the issue in its discussion of waiver, and I think the majority opinion is subject to the same fault. Of course, petitioner waived his right to go to the Supreme Court but that is something different and distinct from a waiver of his right to be discharged under the four-month provision. As already shown, he not only contended but persisted in the contention that he be accorded this statutory and constitutional right.

Conceding that a writ of error or appeal to the Supreme Court would have been the proper remedy at the time the judgment was rendered against petitioner, I think it is of little consequence as it bears on the instant proceeding. Admittedly, the twenty-year period has long since expired and such remedy is no longer available. It is reasonably certain that the Supreme Court, assuming it followed its previous decisions, would have been compelled to have ordered petitioner's discharge. Neither would the petitioner have needed a bill of exceptions to have raised the question any more than he needs a bill of exceptions in the instant proceeding. As pointed out in People v. Tait, 390 Ill. 272, 273, 61 N.E.2d 166, the proceedings must be preserved by a bill of exceptions or a certificate of the trial judge. As already shown, a solution of the question resides in the common law record and not in a bill of exceptions. All that he would have needed for the Supreme Court was a certificate of the trial judge as to what was shown by such record. Such certificate is unnecessary in the instant proceeding, as the common law record was admitted in evidence without objection.

Respondent and the majority of this court too readily brush aside the recent United States Supreme Court case of Marino v. Ragen, 68 S.Ct. 240. In that case the defendant had entered a plea of guilty and was given a life sentence for murder. There, as here, habeas corpus was resorted to and the sole record before the Supreme Court was the common law record. The point in issue was that the defendant was not represented by counsel, even though this fact was not shown by the record. Presumably, the defendant in that case could have raised the point on writ of error to the Supreme Court of Illinois. However, as here, that was not done, and, as here, the twenty-year period had expired. If a defendant under those circumstances is entitled to relief in a Federal court for a violation of a constitutional right, as shown by the common law record, it is not easy to discern why the defendant in the instant case should not be entitled to relief for the violation of a constitutional right likewise based on the common law record. True, the State confessed error in the Marino case, which suggests that it should have made the same confession in the instant case.

Respondent and the majority opinion also rely upon Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, where the court held that a defendant who had been convicted under the Selective Training and Service Act could not review his conviction by a writ of habeas corpus, after failing to appeal within the fixed time. That case, however, is distinguished by the fact that the sole question involved was the refusal of the trial court to admit certain evidence offered by the defendant. The court held in effect that such refusal was merely an error in ruling on a question of law and did not deprive the defendant of any constitutional right, while in the instant case the failure of the court to perform its mandatory duty

and discharge the petitioner was a violation of such right.

It is, therefore, my view that the order discharging the petitioner was proper and should be affirmed.